**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Kelvin Michael Bowen, Jr., Appellant.

Appellate Case No. 2011-185566

---

Appeal From Williamsburg County
Clifton Newman, Circuit Court Judge

---

Unpublished Opinion No. 2013-UP-452
Submitted November 1, 2013 – Filed December 11, 2013

---

**AFFIRMED**

---

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Brendan Jackson McDonald, all of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Mansfield*, 343 S.C. 66, 78, 538 S.E.2d 257, 263 (Ct. App. 2000) (stating single suspect showups, while disfavored, may be proper in some circumstances); *id.* ("Reliability is the linchpin in determining the admissibility of identification testimony."); *State v. Traylor*, 360 S.C. 74, 82, 600 S.E.2d 523, 527 (2004) ("Even assuming an identification procedure is suggestive, it need not be excluded so long as, under all the circumstances, the identification was reliable notwithstanding the suggestiveness. The inquiry must focus upon whether, under the totality of the circumstances, there was a substantial likelihood of irreparable misidentification."); *id.* (stating a court should consider the following factors when evaluating the likelihood of misidentification: "(1) the witness's opportunity to view the perpetrator at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the perpetrator, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation"); *State v. Liverman*, 398 S.C. 130, 141, 727 S.E.2d 422, 427 (2012) ("In considering whether error is harmless, a case's particular facts must be considered along with various factors including: the importance of the witness'[s] testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." (internal quotation marks and citation omitted)).

**AFFIRMED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.